UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
97-CR-144(09)(JMR/FLN)
[redacted]

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Carlos Enrique Gutierrez | ) | |

Petitioner, Carlos Enrique Gutierrez, seeks relief under 28 U.S.C. § 2255 alleging: (1) the Court improperly based his sentence on a general verdict instead of a special verdict; (2) ineffective assistance of counsel; (3) the government failed to disclose exculpatory evidence in contravention of its obligation under Brady v. Maryland, 373 U.S. 83 (1963); (4) the government failed to allege or prove to the jury the quantity and type of illegal drugs ascribed to defendant, in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466; (5) the United States Attorney General's rescheduling of methamphetamine from a Schedule III to a Schedule II drug violated separation of powers and the nondelegation doctrine; and (6) he is actually innocent. Petitioner's claims fail.

I. Background

This case is the product of a nine month investigation of distribution of methamphetamine and money laundering, during which agents seized more than 15 pounds of methamphetamine and arrested over 23 defendants, 13 of whom pleaded guilty.

A trial of 7 of the remaining co-defendants commenced March

FILED
RICHARD D. SLETTEN, CLERK
JAN 15 2002
JUDGEMENT ENTERED
JAN 15 2002
DEPUTY CLERK'S

31, 1998. The government presented extensive and detailed evidence of the defendants' guilt, including 34 witnesses, physical evidence, and a number of tape recorded phone calls. The jury returned a verdict convicting the petitioner and three co-defendants; Raphael Bueno, Peter Shevchuk, and Buck White were acquitted.

Based on a prior felony drug conviction, the Court sentenced petitioner to 240 months imprisonment. Petitioner appealed his sentence directly to the Eighth Circuit Court of Appeals, which affirmed the conviction in an unpublished opinion. Petitioner subsequently filed this § 2255 petition.

II. Analysis

A. Special Verdict Claim

Petitioner claims the Court erroneously sentenced him based on a general verdict that did not require the jurors to identify the object of the drug conspiracy for which he was convicted. Petitioner argues, citing United States v. Watts, 950 F.2d 508, 515 (8th Cir. 1991), that in cases involving multiple or alternative drug types, the jury must complete a special verdict form identifying the exact drug type for which a defendant is responsible. Here, the jury did return a special verdict form identifying methamphetamine as the object of the drug conspiracy. Thus, the Court did not err in sentencing petitioner using the methamphetamine standard.

B. Ineffective Assistance of Counsel Claims

Petitioner next claims he received ineffective assistance of counsel. The United States Supreme Court, in Strickland v. Washington, 466 U.S. 668 (1984), established a two-prong standard for evaluating an ineffective assistance of counsel claim. Strickland requires a petitioner to establish that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 688, 694. When considering challenges to an attorney's performance, the court applies a deferential standard of review, presuming counsel's representation was competent, and that the challenged decisions constitute strategic and tactical decisions. See Strickland, 466 U.S. at 689.

Here, to show his counsel was deficient, petitioner must show "counsel was not functioning as counsel guaranteed by the Constitution," and that his lawyer's acts or omissions were not "the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Petitioner must show counsel's performance rendered the trial proceedings fundamentally unfair or unreliable. See El-Tabach v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993).

1. Special Verdict Claim

Petitioner's first allegation of attorney error involves counsel's failure to demand a special verdict. Petitioner's claim

is in err, however, because the jury did complete a special verdict form identifying methamphetamine as the object of the conspiracy. Petitioner's claim that his attorney failed to appeal the special verdict issue is similarly erroneous, because a special verdict was used during trial. Counsel need not have made unnecessary arguments to adequately represent his client. See, e.g., Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995). Accordingly, petitioner suffered no harm because a special verdict was in fact entered.

2. Old Chief Claim

Petitioner next claims prejudice or unfairness resulting from his attorney's failure to make an objection pursuant to Old Chief v. United States, 519 U.S. 172, 191 (1997). Old Chief requires the government to accept a criminal defendant's stipulation to felony status in a § 922(g) prosecution and to refrain from introducing evidence of the felonies for which that defendant was convicted. See id. The Eighth Circuit Court of Appeals has made clear, however, that 404(b) character evidence is admissible for the limited purpose of proving knowledge and intent. See United States v. Frazier, 2001 U.S. App. LEXIS 23902 (8th Cir. Nov. 6, 2001) (admitting similar past drug transaction involving defendant to prove knowledge and intent); see also United States v. Hill, 249 F.3d 707, 710-13 (8th Cir. 2001); United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000). Although petitioner's attorney

challenged the admission of 404(b) evidence at trial and on appeal, the evidence was admitted for the limited purpose of showing petitioner's intent, as well as his knowledge of cocaine and the process of buying and selling drugs. See Tr. at VII-1039, VII-1042. Because the evidence was admissible for these limited purposes, petitioner suffered no harm from counsel's failure to raise an Old Chief objection.

C. Exculpatory Evidence Claims

In Brady v. Maryland, the Supreme Court held that, in a criminal proceeding, the government must provide the defendant with all exculpatory evidence of which it is aware. 373 U.S. 82, 87-88 (1963). Petitioner here claims the government failed to turn over exculpatory photographs of his garage, thereby violating his due process rights. Petitioner further alleges the surveillance photos revealed that his driveway and garage were obstructed with inoperable cars and other items, and that the government witnesses perjured themselves when testifying to the state of his driveway. Finally, petitioner states that his attorney failed to call available witnesses to verify his claim regarding the difficulty in obtaining egress into the garage where the drug transactions allegedly occurred.

A criminal conviction must be reversed if the prosecution withholds or suppresses material exculpatory evidence favorable to the defendant, and "there is a reasonable probability that had the

evidence been disclosed to the defense, the result of the proceedings would have been different." See Strickler v. Greene, 527 U.S. 263, 280 (1999); see also United States v. Parker, 267 F.3d 839 (8th Cir. 2001); United States v. Kern, 12 F.3d 122, 126 (8th Cir. 1993).

Here, the government states that it turned over all Brady materials. Even if it had not, petitioner has not shown that the photograph with which he is now concerned would have rebutted the overwhelming evidence offered linking him to the distribution of methamphetamine. See United States v. Key, 717 F.2d 1206, 1210 (8th Cir. 1983) (holding that if there is no reasonable doubt about guilt, there is no justification for a new trial). Petitioner has not shown that the government's witnesses perjured themselves, nor has he indicated how counsel's failure to call witnesses regarding the state of his driveway otherwise is prejudicial. See Strickland, 466 U.S. at 689 (the Court will defer to counsel's decisions regarding trial strategy and witnesses). Thus, petitioner's Brady and Strickland claims also fail.

D. Apprendi Claim

Petitioner next claims the jury failed to make an independent determination of the drug quantity, as required by the United States Supreme Court's Apprendi decision. See Apprendi v. United States, 530 U.S. 466 (2000). As an initial matter, petitioner failed to raise this issue on direct appeal. See United States v.

Carlos Gutierrez, 205 F.3d 1348 (8th Cir. 1999) (unpublished). Beyond this fact, however, petitioner's claim is barred, because Apprendi is not applicable to cases on collateral review. Apprendi v. New Jersey, 530 U.S. 466; United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (limiting the application of Apprendi to cases on direct review). A petition under § 2255 cannot substitute for a direct appeal. See United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993). Having failed to raise the issue on direct appeal, petitioner is barred from doing so here.

Petitioner's Apprendi claim also fails on the merits. Petitioner was sentenced to 240 months, within his guideline range and at the twenty year statutory maximum for § 841(b)(1)(C). Because his sentence falls at the statutory maximum, it does not implicate Apprendi. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000).

E. Drug Schedule Claims

Petitioner also raises two separation of powers challenges to his sentence and conviction. First, he argues that Apprendi requires reconsideration of the legality of Congress's delegation of drug scheduling to the United States Attorney General. See 21 U.S.C. § 811 (granting the United States Attorney General authority to schedule and reschedule drug types for use in conjunction with the sentencing provisions of 21 U.S.C. § 841); Touby v. United States, 500 U.S. 160 (1991) (upholding delegation of scheduling

authority). Petitioner particularly challenges the Attorney General's ability to "re-schedule" methamphetamine from a Schedule III to a Schedule II drug. He claims this rescheduling allows an executive officer to change the elements of a crime. According to petitioner, Congress's decision to place methamphetamine under Schedule III cannot be altered by the Attorney General through rescheduling. Second, he claims the Attorney General's rescheduling raised the criminal penalties for methamphetamine, allowing the executive branch to set the punishment for certain crimes -- a violation of separation of powers. Petitioner argues Apprendi limits this authority to Congress.

Apprendi is not applicable to cases on collateral review. Apprendi v. New Jersey, 530 U.S. 466; United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (limiting the application of Apprendi to cases on direct review). Accordingly, petitioner's claim fails on the merits.

In 1970, Congress enacted the Controlled Substances Act. 21 U.S.C. § 801 et seq. (as amended). Section 201(a), codified at 21 U.S.C. § 811(a), authorizes the Attorney General to transfer drugs among the various drug schedules, codified at 21 U.S.C. § 812, and to add drugs to these schedules. In Touby v. United States, the Supreme Court found this scheduling delegation to be constitutional. See 500 U.S. at 169. Petitioner asserts that Apprendi requires the Court to reconsider the applicability of this

ruling.

Congress's right to delegate discretion to executive branch actors is longstanding. "So long as Congress 'lays down by legislative act an intelligible principle to which the person or body authorized to act is directed to conform, such legislative action is not a forbidden delegation of legislative power.'" See Touby, 500 U.S. at 165 (quoting J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928)); see also Touby, 500 U.S. at 165 (finding "imminent hazard to the public safety" a sufficient standard). In § 811, Congress established a sufficiently intelligible principle requiring the Attorney General to find that a drug has potential for abuse, and to "make[] with respect to such drug...the findings prescribed by subsection (b) of section 812 of this title for the schedule in which such drug is to be placed." 21 U.S.C. § 811(a)(1)(A) and (B). Section 812(b) includes detailed and specific requirements for placement of a drug on a particular schedule. Congress established the requirements for placement on Schedule II -- "a potential for abuse," a currently accepted medical use, and that "abuse of the drug may lead to severe psychological or physical dependence." Congress also established similar requirements for Schedules I, III, IV, and V, thereby giving the Attorney General clear guidance about which Schedule is most appropriate for a given controlled substance.

The 1971 decision by the Bureau of Narcotics and Dangerous

Drugs ("BNDD") to reschedule methamphetamine from Schedule III to Schedule II was a legitimate exercise of this valid delegation of authority. See United States v. Roark, 924 F.2d 1426, 1429 (8th Cir. 1991) (upholding the Attorney General's delegation to the BNDD and the subsequent rescheduling of methamphetamine); see also United States v. Kendall, 887 F.3d 240 (9th Cir. 1989); United States v. Lafoon, 978 F.2d 1183 (10th Cir. 1992); United States v. Allison, 953 F.2d 870 (5th Cir. 1992). Contrary to petitioner's assertion, nothing in Apprendi requires reversal of these longstanding decisions. The delegation of sentencing in no way infringes upon Congress's legislative powers, nor does it allow the executive branch to unconstitutionally define criminal conduct.

F. Actual Innocence Claim

Finally, petitioner states that the legal invalidity of his conviction means that he is actually innocent under Bousley v. United States, 523 U.S. 614 (1998) (allowing petitioners to raise new arguments that establish actual innocence on collateral review.) Petitioner claims that because a proper execution of executive and congressional authority would allegedly limit prosecution of his methamphetamine related conduct to 21 U.S.C. § 841(b)(1)(D), and as he was not indicted under § 841(b)(1)(D), he is actually innocent. While its construction is interesting, petitioner's house of cards falls.

As shown above, petitioner's first premise -- that

methamphetamine prosecutions must be limited to those brought pursuant to § 841(b)(1)(D) -- is flawed. Because the Attorney General's decision to reschedule methamphetamine was lawful, petitioner's conviction under § 841(b)(1)(A) is valid; his 240 month sentence is also valid.

Second, petitioner has not shown actual innocence. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" See Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (citations omitted)). Actual innocence demands factual innocence -- not mere legal insufficiency. See id. at 624. Petitioner presents no evidence that he did not conspire to distribute methamphetamine. He has therefore not demonstrated actual innocence.

Third, even if the Court accepted petitioner's delegation and separation of powers arguments, the government's failure to specifically indict him under § 841(b)(1)(D) does not equate with actual innocence. Section 841(b)(1) provides penalties for violations of 21 U.S.C. § 841(a). Indictment under § 841(b)(1)(A) is sufficient to include all lessor included penalties for the § 841(a) offense. The government need not include the lessor penalties in the indictment to hold petitioner liable for those offenses. Because this Court sentenced and convicted petitioner

under § 841(b)(1)(A), further consideration of this argument is unnecessary. Petitioner's florid legal argumentation does not demonstrate actual innocence; his claim is therefore denied.

III. Certificate of Appealability

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

2. No Certificate of Appealability will be issued in this case.

Dated: January 11, 2002

JAMES M. ROSENBAUM
United States Chief District Judge